State v. McCoy.

*Petition for Mandamus.*

*Krum, Shepley & Glover*, for relator.

*S. H. Gardner*, for respondent.

————⟨⊙⊙⊙⟩————

STATE OF MISSOURI, Respondent, *v.* CATHARINE McCOY, Appellant.

*Crime—Sanity—Evidence.*—It is a presumption of law that the party indicted for a crime is sane, and the burden of proof is upon the defendant to show that he was insane at the time of the commission of the crime charged.

*Appeal from St. Louis Criminal Court.*

*Jecko, Gantt & Johnson*, for appellant.

The decision of the Supreme Court in the case of the State v. Baldwin, 11 Mo., by which the court (sitting as

a *nisi prius* judge) was undoubtedly governed in framing his charge to the jury in this case, and upon which decision the State here principally relies; as also the decision in the case of Clary v. Clary, 2 Iredell, by which the court in the case of State v. Baldwin seems to have been governed, seem at first view to establish the rule of law laid down by the court in this case. But it will be borne in mind that the quantity of testimony necessary to sustain the defence of insanity was was not at all considered, either in the Baldwin case, or in the case of Clary v. Clary.

In the case of State v. Baldwin, the court charged the jury that they should be satisfied of the insanity of the defendant at the time of committing the murder.

When the killing is shown, malice and sound memory, and discretion or sanity are presumed; but, as has been remarked by an able judge, "this inference is merely one of fact," and it is for the jury to say from the evidence before them, whether the killing was malicious or accidental, or in self-defence, or whether the party killing was at the time of sound discretion; nor does this presumption relieve the obligation of the State to remove all reasonable doubt of the guilt of the accused. When either of these facts are put in question by the testimony adduced in the cause, the inference which the law makes of sanity, malice, and the like, is to be regarded as merely a matter of evidence, and standing upon the same ground as the testimony of a witness, (1 Greenl. Ev. § 33 & 34,) and in this respect is like the presumption of innocence. (Sutton v. Sadler, 91 Com. Law, 87.) The criminal intent must be proven as much as the overt act, and without a "sound memory and discretion," or sanity, such intent could not exist.

Certain English authors have held that when insanity was set up in defence, the *onus probandi* was on the defendant. (Rosc. Ev. 5 ed., 944–946; 1 Russell on Crimes, 10; 1 Collison on Lunacy, 636; Fost. Crown Law, 255.)

But the question of the amount of proof necessary to es-

tablish insanity does not seem to have been considered, or at all decided by them, while a large number of the most able English jurists have held to the opposite opinion. And our American courts have not only held that a preponderance of evidence was sufficient, but have gone so far as to say that it rested with the State to prove all and each of the material allegations in the indictment. (State v. Brenyeau, 5 Ala. 244; State v. Murler, 2 Ala. 43; Crawford v. State, 12 Geo. 142; Bennett & Heard's L. Crim. Cas. 347.)

In the case of the Commonwealth v. Eddy, in 7 Gray, Judge Metcalf says: "The burden is on the Commonwealth to prove all that is necessary to the crime of murder; and as that crime can only be committed by a reasonable being, a person of sane mind, the burden of proof is on the Commonwealth to prove that defendant was of sound mind when he committed the act of killing." The presumption of law is that the defendant was sane, which can only be rebutted by proof to the satisfaction of the jury by a "preponderance of the whole testimony in the case," that at the time of committing the homicide he was not of sane mind. (State v. Bartlett, lately tried before the Supreme Judicial Court of New Hampshire, and reported in the October No., 1863, of Monthly Law Reporter; Commonwealth v. York, 9 Met. 93.)

*Voullaire*, for respondent.

Where the defence of a defendant to a charge is insanity, the burden of proof rests on him, particularly when he admits the commission of the offence (as in this case), and he is not entitled to the benefit of a reasonable doubt as to his insanity. (Baldwin v. State, 12 Mo. 223; State v. Huting, 21 Mo. 464; State v. Stark, 1 Strobhart, 505; Rex. v. Offord, 5 Carrington & P. 168; 1 Col. Law of Lunatics, 52; id. 670 & following: Stock on *Non compos mentis*, 23 Law Library, p. 43; 2 Greenl. on Ev. 296 & following; 10 Clark & Finnelly, McNaghten's case, 210; State v. Spencer, 1 Za-

briskie, 201; 2 Ev. Starkie on 929 & following; Farrell's Adm'r v. Brennan's Adm'r, 32 Mo. 328; 1 Jarm. on Wills, 72; Jackson v. Van Dusen, 5 John. 157; McDaniel v. Crosby, 19 Ark. 545; Sloane v. Maxwell, 2 Green's Ch. 581; Grabill v. Barr, 5 Penn. 441; Landis v. Landis, 1 Grant's Cases, 250; Pettes v. Bingham, 10 N. Hamp. 514; Copeland v. Copeland's heirs, 32 Ala. 512; Brown v. Toney, 24 Barb. 583.)

BAY, Judge, delivered the opinion of the court.

At the May term, 1863, of the St. Louis Criminal Court, the defendant was indicted for the murder of Catharine Moran, alleged to have been committed on the 20th of April, 1863. Upon the trial, the killing was admitted, and the plea of insanity set up by the prisoner's counsel. Being convicted of murder in the first degree, a motion was made for a new trial, which was overruled, and the defendant now appeals to this court. The main ground relied upon by defendant's counsel for a reversal of the judgment is the giving by the court below of the 2d, 3d and 13th instructions, which are as follows:

"The law presumes every man who has arrived at the years of discretion to be sane, and capable of committing crime, until the contrary is shown; so that the State, after proving the unlawful act, need offer no evidence whatever of the sanity of the defendant, but may rest upon the legal presumption of sanity until the defendant shows the contrary."

"This defence of insanity is emphatically one which the defendant must make out, and it must be made out to the satisfaction of your minds; for if the evidence merely shows a case of doubt when the defendant might not be insane, this is not sufficient to authorize an acquittal on that ground only. If the evidence shows merely that the defendant might have been insane at the time of the commission of the act, but does not show satisfactorily to your minds that de-

fendant was insane at that time, this is not sufficient to warrant an acquittal."

"The jury are instructed that the *onus* or burden of proof of defendant's insanity at the immediate time of the killing rests upon the defendant; and if the same be not established to the entire satisfaction of the jury, then they will find her guilty of murder in the first degree."

The theory of the defence as urged in this court, and shown in the instructions asked and refused, is, that it is incumbent upon the State to show by positive and affirmative testimony, that the defendant was sane at the time of the killing ; and if the jury entertain a doubt as to the sanity or insanity of the prisoner at such time, the jury must give her the benefit of such doubt and acquit her.

It is true that it is incumbent upon the State to prove every fact necessary to constitute the crime of murder, which necessarily includes the sanity of the prisoner ; but the burden of proving such sanity is fully met by the presumption of law, that every person is of sound mind until the contrary appears; and he who undertakes to escape the penalty of the law by means of the plea of insanity, must rebut such presumption by proof entirely satisfactory to the jury. It is a defence to be made out by the prisoner, and by proof that will satisfy the jury, that he was incapable of distinguishing between right and wrong.

In Bellingham's case, which was an indictment for murder, the defence set up was insanity, and Mansfield, C. J., in charging the jury told them: "that in order to support such a defence it ought to be proved by the most distinct and unquestionable evidence that the prisoner was incapable of judging between right and wrong ; that, in fact, it must be proved beyond all doubt, that at the time he committed the atrocious act with which he stood charged, he did not consider that murder was a crime against the laws of God and nature, and that there was no other proof of insanity which would excuse murder or any other crime."

This doctrine, founded in reason, has been fully recognized by the courts of this country.

The idea therefore advanced by the prisoner's counsel, that it is incumbent upon the State to prove that the accused was sane at the time she committed the act, by evidence in addition to and independent of the presumption of law above referred to, is not sustained by authority.

The first instruction asked by defendant and refused, required the jury to acquit if they entertained a doubt as to the sanity or insanity of the defendant at the time of the commission of the homicide.

The doctrine of this instruction was repudiated by this court in the case of the State v. Huting, 21 Mo. 464, and very properly, for it virtually requires the jury to acquit if they entertain a doubt as to whether the defendant has succeeded in maintaining the defence. The true rule in our opinion was laid down by C. J. Shaw, in Commonwealth v. Rogers, 7 Met. 500, which was a case of murder and the defence insanity. The jury received a very elaborate charge from the learned judge, and after being in consultation several hours, came into court and asked the opinion of the court upon the following question : " Must the jury be satisfied beyond a doubt of the insanity of the prisoner to entitle him to an acquittal ?" To which the chief justice replied : " That if the preponderance of the evidence was in favor of the insanity of the prisoner, the jury would be authorized to find him insane."

The second, third and fourth instructions asked by defendant are embraced in those given by the court, and it was unnecessary therefore to give them again.

As no other ground of error has been suggested, the judgment of the Criminal Court will be affirmed ; the other judges concurring.