THE STATE OF MISSOURI, Respondent, *v.* MAX KLINGER, Appellant.

1. *Continuances — Rulings of court concerning; revised or interfered with, when.—* As a general proposition, the granting of a continuance is a matter resting in the sound discretion of the court where the trial is had; and its ruling will not be revised or interfered with except in cases where manifest injustice has resulted; and to make such revisal or interference proper, the record should show clearly that the defendant has been affected injuriously by being deprived of the evidence which he would have obtained by further continuing the cause.

2. *Insanity—Presumptions — Burden of proof.—* The question of insanity is always one of fact. Every man is presumed to be sane, and to possess a sufficient degree of reason to be responsible for his crime, until the contrary is shown; and to establish insanity as a defense it must be proved that at the time of committing the offense the defendant was laboring under such a defect of reason, from disease of the mind, as not to know the nature and quality of the act he was doing, or, if he did know it, such as not to know that he was doing wrong. The burden of establishing the insanity of the accused affirmatively to the satisfaction of the jury rests upon the defense.

3. *Insanity — Degree of proof required.—* It is not necessary that the defense of insanity be established beyond a reasonable doubt; it is sufficient if the jury is reasonably satisfied, by the weight or preponderance of the evidence, that the accused was insane at the time of the commission of the act.

### Appeal from St. Louis Criminal Court.

The homicide was committed on November 25th, 1867. The defendant was indicted on the 20th of January, A. D. 1868, by the grand jury, for murder in the first degree. On the 21st of February he was arraigned and pleaded " not guilty; " and, being without counsel and means to employ one, the court assigned counsel in his behalf. The case was set for trial March 23d, 1868, and, on being called, was continued by consent to the next

term of court. On the 5th of June, the case being called, was, on application, continued to the July term. On the 28th of July, 1868, the case being set for trial, application for a continuance was made upon the ground of the non-arrival of depositions of witnesses in Germany, the defendant having, on the 26th of March previous, sued out a *dedimus* from the court to take the depositions of John Klinger, the father of defendant, in Germany, and other witnesses whose evidence was important and material to the issue. The said application being overruled, the defendant was put upon his trial. On the trial defendant offered in evidence certain affidavits and certificates and letters of witnesses living in Germany, which affidavits and certificates and letters were under the official seal of the authorities of the Grand Duchy of Baden and the American minister of foreign affairs, which were excluded by the court. Counsel for defendant then asked to be sworn as to his knowledge of defendant since he was assigned as counsel, and to give his opinion upon the mental condition of the defendant from knowledge and observation. The court excluded his testimony. The jury found defendant guilty of murder in the first degree.

*W. H. H. Russell*, for appellant.

I. The court below erred in overruling the motion for a continuance and forcing the defendant to trial in the absence of material and important evidence. A continuance should always be granted where the facts and circumstances of the case are of a nature to warrant, and where the evidence sought to be obtained is material and must ( if adduced ) have produced a different result in the verdict and the issue in the case. (1 Mo. 700 ; 3 Mo. 28 ; 6 Mo. 444 ; 8 Mo. 500 ; 12 Mo. 492 ; 2 Sto. Eq. 41–7, 53 ; 1 Pet. 276 ; 3 Cow. 504 ; 2 Cow. 139; 1 Maddock's Ch. R. 405–7. )

II. The court erred in refusing competent evidence, offered on the part of the defendant, which was material and important to the issue. Any evidence which tends to establish the insanity of the defendant is admissible. Letters written by the accused, or his general conduct and appearance, may be shown as going to prove the sanity or insanity of a person on trial for life, and

where insanity is set up as a defense. ' (People v. Eastmond, 4 Kern. N. Y. 562; 1 Greenl. Ev. 62, 108; Whart. C. L., ed. of 1850, § 66; Thompson and Wife v. Swerangan, 6 East. 402; Trial of Mary Harris.)

III. Murder is where a person of sound mind, memory, and discretion, unlawfully takes the life of a fellow-being, with malice aforethought and against the peace and dignity of the State. (3 Coke's Inst. 47; 4 Blackst. 195; 2 Chit. Cr. L. 724.)

IV. The *onus* of proving everything essential to establishing the charge against the accused is in the prosecution. (Best on Presumptions, 200; People v. McCune, 16 N. Y. 58; Hopps v. People, 31 Ill. 358; 1 Stark. Ev. 162.) The burden of proof in a criminal case is upon the State to establish all of the conditions of guilt, and it does not shift to the prisoner where insanity is set up as a defense. And unless the jury are reasonably satisfied not only that the prisoner committed the act, but as to his criminal capacity and intent, they should acquit. (Oughton v. People, 38 Ala. 692; State v. Bartlett, 43 N. H. 224; 1 Herd's Lead. Cr. C. 351; Commonwealth v. Kimball, 24 Pick. 373; Commonwealth v. Dana, 2 East. 340; Commonwealth v. McKee, 1 Gray, 61; Commonwealth v. Rogers, 1 Gray, 500; People v. Garbett, Law Monthly, vol. 7 to 9, p. 554; Maher v. People, 10 Mich. 212; 9 C. & P. 667; 7 *id.* 303.) Where insanity is set up as a defense, the benefit of a doubt which might exist in the minds of the jury, as to the fact of sanity or insanity, belongs to the prisoner as much as any doubt which might exist as to any material fact in the case. (People v. Freeman, 4 Denio, 9; Queen v. Ley, in 1840, Lewis's C. C. 239; Hopps v. People, 31 Ill. 385; Winslow's Plea of Insanity, 16, §§ 21, 19; 27 Howell's State Trials, 1354; recent case, State v. Bartlett, 43 N. H. 224.) The presumption of innocence always prevails in favor of the accused, and any doubt which exists in the minds of the jury as to any material fact is in his favor.

V. The court erred in charging the jury that "the law presumes every man sane until the contrary is established by evidence to the entire satisfaction of the jury; and where insanity in any form is set up as a defense, it is a fact which must be proved like any

other fact. The burden of proving such insanity is upon the defendant, and he is not entitled to the benefit of a mere doubt whether he was or was not insane." (Hopps v. People, 31 Ill. 285; People v. McCune, 16 N. Y. 58; State v. Bartlett, 43 N. H. 224; State v. Marler, 2 Ala. 43.)

*C. P. Johnson*, circuit attorney, for respondent.

WAGNER, Judge, delivered the opinion of the court.

There are but two questions presented here that are deemed necessary to be considered in the decision of this case. The first relates to the action of the Criminal Court in refusing to grant a continuance, and the second regards the instructions as to insanity.

As a general proposition, the granting of a continuance is a matter resting in the sound discretion of the court where the trial is had, and its ruling will not be revised or interfered with except in cases where manifest injustice has resulted.

The record should show clearly that the defendant has been affected injuriously by being deprived of the evidence which he would have obtained by further continuing the cause.

In looking into the affidavits made by the defendant, it is very apparent, when taken in connection with the medical testimony adduced on the trial, that the evidence he expected to get from Europe was important in his defense. That it would have produced a different verdict is not certain, as no one can know what weight a jury would have attached to it; but it had a tendency to support the issue he tendered, and he was entitled to the benefit of it. No laches was attributable to him, for he seems to have used all the diligence he was capable of; and, considering the short time that intervened between his arraignment and his being put upon trial, it was scarcely to be expected that he could have obtained the desired testimony. Under all the circumstances, it seems to me that it would have better comported with the humanity of the law to have sustained the application and given the defendant another continuance.

The only defense set up by the accused was insanity; and it is

urged by his counsel that the court committed error in its instruc-
tions on that question.  It would subserve no useful purpose to
go into a labored or lengthy review of the authorities on that
subject, as they will be found diverse and irreconcilable.  Recent
researches in medical science have eliminated rules, going very far
to mitigate the doctrines laid down by the old authors.  It may
be said that it is now universally conceded that insanity is a dis-
ease of the brain — of that mass of matter through and by which
the powers of the mind act.  There are different kinds of insan-
ity, and different degrees of the same kind, and it has been found
exceedingly difficult to furnish any sure test for the guidance of
courts and juries.

The question of insanity is always one of fact; but how much
proof shall be required, and where the *onus* ends, is involved in
perplexity.  The defense may be made out by circumstances;
but every man is presumed to be sane, and to possess a sufficient
degree of reason to be responsible for his crimes, until the con-
trary is shown; and to establish the defense it must be proved
that at the time of committing the offense he was laboring under
such a defect of reason, from disease of the mind, as not to know
the nature and quality of the act he was doing, or, if he did know
it, such as not to know that he was doing wrong.

The instruction mainly complained of is the following :  " The
law presumes that every man is sane until the contrary is estab-
lished by the evidence to the satisfaction of the jury ; and when
insanity in any form is set up as a defense, it is a fact which must
be proved like any fact.  The burden of proving such insanity is
upon the defendant, and he is not entitled to the benefit of a
mere doubt whether he was or was not insane."

It is now insisted that if the evidence was sufficient to raise a
mere doubt in the minds of a jury concerning the defendant's
sanity, that doubt inured to his benefit, and would have author-
ized his acquittal, and that the court should have so directed.

The instruction given is in entire consonance with the previous
decisions of this court, and has been considered the established
law of this State for many years.

In The State v. Huting, 21 Mo. 464, it was declared in explicit

terms that a party charged with murder, who admits the killing and relies upon the defense of insanity, must make it out to the satisfaction of the jury, and that he is not entitled to the benefit of a reasonable doubt as to his sanity. The subject was not much considered, but the rule was announced as one considered well settled. In the case of The State v. McCoy, 34 Mo. 531, the same question was again presented, and the ruling in Huting's case reaffirmed. But there are some recent cases in which the doctrine contended for by the appellant receives strong support. (The People v. McCann, 16 N. Y. 58; Hopps v. People, 31 Ill. 385; State v. Bartlett, 43 N. H. 224.) In Hopps v. People, *supra*, it was held by a majority of the court that it was not necessary that the insanity of the accused should be established by even a preponderance of proof; but if, upon the whole evidence, the jury entertain a reasonable doubt of his sanity, they should acquit. Bartlett's case, in 43 New Hampshire, is to the same effect. In the former of these cases, Judge Breese took the strong position that the burden of proof was on the government throughout. I should be very reluctant to give this proposition my unqualified assent.

Both observation and experience show that insanity is easily simulated; and if a bare doubt, which may be created in the minds of a jury by slight circumstances, is permitted to control and produce an acquittal, the guilty will often go unpunished, and the interests of society suffer great injury. Mr. Bishop, a writer of great accuracy on criminal law, remarks: " Sanity, as observed by a learned judge, is presumed to be the normal state of the human mind, and it is never incumbent on a prosecutor to give affirmative evidence that such state exists in a particular case. But, suppose this normal state is denied to have existed in the particular instance, then, if evidence is produced in support of such denial, the jury must judge of it and its effect on the main issue of guilty or not guilty; and if, considering all the evidence, and considering the presumption that what a man does is sanely done, and suffering the evidence and the presumption to work together in their minds, they entertain a reasonable doubt whether the prisoner did the act in a sane state of mind, they

are to acquit, otherwise they are to convict." ( 1 Bish. Crim. Proc. § 534.)

I think that the safest and most reasonable rule is that, as the law presumes every person who has reached the age of discretion to be of sufficient capacity to be responsible for crimes, the burden of establishing the insanity of the accused affirmatively to the satisfaction of the jury, on the trial of a criminal case, rests upon the defense. It is not necessary, however, that this defense be established beyond a reasonable doubt; it is sufficient if the jury is reasonably satisfied, by the weight or preponderance of the evidence, that the accused was insane at the time of the commission of the act. (Loeffner v. State, 10 Ohio St. 598; Fisher v. People, 23 Ill. 283; Commonwealth v. Rogers, 7 Met. 500; Commonwealth v. Eddy, 7 Gray, 583.)

The judgment will be reversed and the cause remanded. The other judges concur.