State v. Smith.

————o————

THE STATE OF MISSOURI, Respondent, *vs.* THOMAS SMITH, Appellant.

| | |
|---|---|
| 53 | 267 |
| 32a | 593 |
| 53 | 267 |
| 99 | 679 |
| 53 | 267 |
| 100 | 107 |
| 53 | 267 |
| 105 | 535 |
| 53 | 267 |
| 47a | 608 |
| 53 | 267 |
| 116 | 112 |
| 53 | 267 |
| 141 | 571 |

1. *Practice, criminal—Evidence—Insanity—Burden of proof.*—The question of insanity is simply one of fact and to be proved like any other fact. The evidence to establish it should reasonably satisfy the minds of the jury that the accused was insane when the act was committed.

The burden of proving insanity is on the defendant.

2. *Evidence—Instructions as to particular facts.*—It is not the province of the Court to select certain facts shown by the evidence and tell the jury how much or what or whether any weight shall be attached to them.

*Appeal from Greene Circuit Court.*

*O. H. Tavers,* for Appellant.

*H. Clay Ewing, Attorney General,* for Respondent.

VORIES, Judge, delivered the opinion of the court.

The appellant was prosecuted and tried in the Greene Circuit Court upon an indictment for an assault with the intent to kill. It is charged in substance, by the indictment, that the defendant on the 5th day of July, 1871, at the County of Greene, &c., did unlawfully, wilfully and feloniously, with a chopping axe, which was a deadly weapon, &c., make an assault upon the body of one Amanda Hancock, with the intent to kill, &c.

The evidence on the part of the State was circumstantial, no direct evidence of the assault by defendant being introduced. The defendant introduced several witnesses, whose evidence tended strongly to prove insanity on the part of the defendant.

This evidence tended to prove insanity at a time commencing four or five months before the assault, and only a few days previous to the assault, and after the assault while the defendant was in prison.

At the close of the evidence, the court, on the part of the State, instructed the jury as follows:

First—"The court instructs the jury, that the law presumes that every man that has arrived at years of discretion is sane, and that the presumption continues until the contrary is shown by the weight and preponderance of testimony."

Second—"The court declares the law to be, that when the State has proven the offense charged, she can rest her case upon the legal presumption that the party accused is of sound mind, and if the defendant seeks to avoid the punishment, he must satisfy the jury by the weight and preponderance of testimony that he was insane at the moment that he committed the crime."

Third—"That it is not sufficient to warrant an acquittal, for the defendant simply to show that at times he acted and talked strangely and singularly; but that the jury must believe from the testimony, that he was insane at the very time that he committed the offense, and that he was so insane that he could not distinguish right from wrong."

To the giving of these instructions the defendant objected, and his objections being overruled he excepted. The defendant then asked the court to give the jury several instructions, all of which were refused, and he again excepted.

Two of these instructions asked and refused, were as .follows:

"The court instructs the jury that it devolves upon the State to prove that the defendant is guilty, as charged by the indictment, and unless the State has established beyond all reasonable doubt, that the defendant is guilty, as charged, they will acquit."

"That if upon a review of the whole case, and a consideration of all the circumstances connected with it, the jury have a reasonable doubt as to the guilt of the defendant, they will find him not guilty."

After the above instructions were refused, the defendant asked the court to instruct the jury, that, "If they have a reasonable doubt as to the guilt of the defendant, they will acquit." This was also refused and the defendant again excepted.

The jury then returned a verdict of guilty against the defendant, and assessed his punishment at imprisonment in the penitentiary for the term of two years.

The defendant filed a motion for a new trial on the ground, among others, that the court had erred in refusing proper instructions asked for by the defendant, and in giving improper instructions on the part of the State.

This motion was overruled, and final judgment rendered against the defendant. The defendant again excepted and appealed to this court.

The only questions presented by the record for the consideration of this court, are, as to the propriety or impropriety of the action of the court trying the cause, in giving instructions on the part of the State and in refusing those asked for by the defendant.

By the first and second instructions given by the court on the part of the prosecution, the jury are told, that the law

presumes that every man who has arrived at years of discretion is sane or of sound mind; and that if the defendant seeks to avoid this presumption, he must satisfy the jury by the weight and preponderance of testimony, that he was insane at the time he committed the crime.

It is urged by the defendant that the court committed error in these instructions. The authorities upon the subject of insanity, and upon the subject of the burden and amount of proof in such cases, will be found to be very conflicting; some courts holding, that it devolves on the defendant in such cases to prove the fact of insanity by evidence so clear, as to leave no reasonable doubt as to the insanity. Other courts have held, that all that is necessary is to produce enough evidence to create a reasonable doubt in the minds of the jurors as to whether insanity exists in the given case or not; while it has been repeatedly held in this court, that "insanity is a simple question of fact to be proved like any other fact, and any evidence, which reasonably satisfies the jury that the accused was insane at the time the act was committed, should be deemed sufficient." (State vs. Hundley, 46 Mo., 414; State vs. Klinger, 43 Mo., 127 ; State vs. McCoy, 34 Mo., 531.)

The burden of proof of course is held by this court to be on the defendant to rebut the presumption of sanity which exists in all cases until the contrary is made to appear.

The instructions under consideration would have been more satisfactory if they had been differently worded, though the principle asserted in them is in effect the same as that enunciated in the cases decided by this court above referred to.

The jury are told that they must be satisfied by the weight and preponderance of testimony.

This language is well understood by lawyers to mean, that the evidence must be sufficient to satisfy the minds of the jurors as to the fact of insanity, and that is all that is required. (Of course this must necessarily be accomplished by a preponderance of the evidence.) But the jury are told by

the instructions that this conviction of their minds must be produced by the "weight and preponderance of the testimony."

It is barely possible, that jurors might be led to believe that it took something more than a conviction of the mind to find in favor of a plea of insanity, from the language used in the instructions. Yet, instructions using almost the same language have been approved in the cases above referred to. The case would therefore not be reversed merely on the ground of the informality of these instructions.

The third instruction, given by the court on the part of the prosecution, tells the jury, "that it is not sufficient to warrant an acquittal, for the defendant simply to show that at times he acted and talked strangely and singularly, but that the jury must believe from the testimony that he was insane at the very time he committed the offense, and that he was so insane that he could not distinguish right from wrong."

This instruction was clearly wrong; it is not the province of the court to select certain facts shown by the evidence, and tell the jury how much and what weight they shall give to such facts, or whether they shall give such evidence any weight at all.

The court passes upon the legality or admissibility of the evidence, but after the evidence is legally admitted, it is the exclusive provision of the jury to pass upon the weight of the evidence given, and give each part of the evidence such weight as in their judgment it is entitled to receive, without any interference or direction of the court whatever.

Their minds ought to act freely on the facts of the case without any other control than that of their own unbiased judgment.

This instruction is a comment on the evidence, which is expressly forbidden by our Statute. (W. S., 1106, § 30.)

The Statute provides, that the court shall not "sum up or comment on the evidence." If the court can, under this Statute, select certain portions of the evidence and tell the jury how much weight to give, or whether they shall give

the evidence selected any weight at all; then no reason can be perceived why the court could not select other parts of the evidence, or all of the facts in the case, and tell the jury what weight to give the same, and in effect tell what verdict should be found.

To permit this, would be to wholly destroy whatever value there is in the right of trial by jury.

The decisions of this court have been uniformly in condemnation of such instructions. (State vs. Hundley, 46 Mo., 414; Fine. vs. St. Louis Public Schools, 30 Mo., 166; State vs. Cushing, 29 Mo., 215.)

The defendant in the trial asked the court to instruct the jury:

" That if upon a review of the whole case and a consideration of all the circumstances connected with it, the jury have a reasonable doubt as to the guilt of the defendant, they will find him not guilty."

The court was clearly wrong in refusing to give this instruction. In this case the assault charged in the indictment was not admitted so as to leave the issue of insanity or no insanity the only issue to be tried.

The assault was denied, and was only attempted to be proved by circumstantial evidence, so that the jury had to pass upon not only the fact of insanity, but also on the evidence tending to prove that the accused committed the assault complained of.

In such case the instruction asked was clearly right and ought to have been given.

In delivering the opinion of the court in the case above referred to, of The State of Missouri vs. Klinger, Judge Wagner approvingly makes the following quotation from Bishop on Criminal Law:

" Sanity, as observed by a learned judge, is presumed to be the normal state of the human mind, and it is never incumbent on a prosecutor to give affirmative evidence that such state exists in a particular case.

" But suppose this normal state is denied to have existed in

the particular instance, then if evidence is produced in support of such denial, the jury must judge of it and its effect on the main issue of guilty or not guilty, and if, considering all the evidence, and considering the presumption, that what a man does is sanely done, and suffering the evidence and the presumption to work together in their minds, they entertain a reasonable doubt whether the prisoner did the act in a sane state of mind, they are to acquit. Otherwise they are to convict."

I am of the opinion that the judgment should be reversed. The other judges concurring, the judgment is reversed and the cause remanded.