Bradbury J.
The plaintiff in error, Bushrod Kelch, in December, 1895, was indicted in the County of Cuyahoga for murder in the first degree for killing a woman who had been his wife, but who shortly before the homicide had procured a •divorce from him. In February, 1896 he was placed on trial in the court of common pleas of said county for such offense, and in March following was convicted of murder in the first degree, and adjudged to suffer death. Upon proceedings in error, this judgment was affirmed by the cir *147 cuit court; whereupon the cause was brought to this court for review»
That the plaintiff in error shot and killed the deceased was not denied or contested upon the trial; the chief contention being' over the mental condition of the accused at the time the homicide was committed. Counsel for him contended: 1st, that the evidence of the state did not sufficiently establish deliberation or premeditation; and 2d, that his evidence was sufficient to show insanity, superinduced by the excessive use of alcoholic stimulants.
The question of the burden of proof, where insanity is set up as a defense in criminal causes, has been fruitful of discussion, and has occupied the attention of the ablest criminal jurists of this country, and of, England. The contention has not so much concerned the degree of proof, as upon whom the burden rested. Some authorities, entitled to great consideration have steadily held that this burden rested upon the state; that while the presumption of sanity was sufficient to support this burden where the evidence did not suggest mental alienation, yet if the defense was made, the state was bound to establish sanity beyond a reasonable doubt. This view was founded upon the obligation which rests upon the state to establish beyond a reasonable doubt every fact necessary to create in- the defendant criminal liability; criminal intent being one of such facts, it was included within the general obligation above stated, and to establish this criminal intent, a mental condition capable of entertaining it must be established. This course of reasoning would render immaterial the question whether the doubt of sanity arose upon the evidence of state, or of *148 tlie defendant, or upon that of both the state and the defendant. . The doubt, however arising, being available by the defendant. This view of the question finds support in numerous well considered cases, among which may be cited Hopps v. People, 31 Ill., 385; Chase v. People, 40 Ill., 352; State v. Crawford, 11 Kansas, 32; People v; Garbutt, 17 Mich., 9; Cunningham v. State, 56 Miss., 269; Bradley v. State, 31 Ind., 492; McDougal v. State, 88 Ind., 24; Guetig v. State, 66 Ind., 94; Wright v. People, 4 Neb., 407; Ballard v. State, 28 N. W. Reporter, 271, (Neb.); State v. Pike, 49 N. H., 399; State v. Bartlett, 43 N. H., 224; State v. Jones, 50 N. H., 369; People v. McCann, 16 N. Y., 58; O'Connell v. People, 87 N. Y., 377; Dove v. State, 3 Heisk, (Tenn.), 348; State v. Patterson, 45 Vt., 308.
The logical consistency of this view of the question is its chief support. In the practical administration of criminal law, however, experience has found much to commend in that opposite view which treats the defense of insanity as independant and affirmative, and • which, consequently, casts upon the accused who asserts it the burden of sustaining it by evidence sufficient to overcome the natural presumption of sanity. Among the cases that sustain this side of the contention may be cited: State v. Jones, 64 Iowa, 349; Ford v. State, 5 Crim. Law Mag., 32, (Ala.); State v. Lawrence, 57 Me., 574; Com. v. Eddy, 7 Gray, (Mass.), 583; McKenzie v. State, 26 Ark., 334; Cavaness v. State, 43 Ark., 331; People v. Bell, 49 Gal., 485; Dejarnette v. Com., 75 Va., 867; Webb v. State, 9 Tex. App., 490; King v. State, 9 Tex. App., 515; Coyle v. Commonwealth, 100 Pa., St., 573; Lynch v. Com., 77 Pa. St., 205; State v. Redemeier, *149 71 Mo., 173; State v. Gest, 13 Minn., 341; State v. McCoy, 34 Mo., 531. This doctrine has prevailed in Ohio from an early period in its judicial annals. Clark v. State, 12 Ohio, 483; Bond v. The State, 23 Ohio St., 349, Bergin v. The State, 31 Ohio St., 111; Leoffner v. The State, 10 Ohio St., 598.
This- being the established doctrine of this state, the burden of proving his insanity rested on the plaintiff in error. If this burden should be sustained, the law exonerates him from criminal responsibility for his act. It is apparent, therefore,.that to him it was of prime importance that an accurate measure of this butden should be given to the jury. If the charge of the court, in this respect, imposed on him a greater burden than the law prescribes, it contained error prejudicial to this defense.
In most of the cases relating to the burden of proof of insanity in criminal causes, the contention was confined to the question of where it rested — whether on the state or on the defendant —and the quantum or degree of' proof where made to rest on defendant, received little, if any, consideration, either by counsel or the court; and language was sometimes employed by the court which seemed to require of the defendant, to establish his insanity, more than a preponderance of the evidence.
In some of the cases, however, the question of the quantum of proof where the burden was placed on the accused, came directly before the court. Among them is the case of Coyle v. Commonwealth, 100 Pa. St., 573, where it was held that a charge to the jury which required of the defendant, “clearly preponderating evidence,” instead of “fairly preponderative evidence” of insanity was error.'
*150 In Com. v. Rogers, 7 Met., 500, in trial for murder, Shaw, C. J., presiding, the jury, after receiving the charge of the court, and consulting several hours, came into court for instructions respecting the degree of proof requisite to establish insanity, and were instructed that “if the preponderance of the evidence was in favor of insanity of the prisoner, the jury would be authorized to find him insane.”
In Boswell v. The State, the supreme court of Alabama laid down the rule as follows: “We hold, then, that insanity is a defense which must be proved to the satisfaction of the jury by that measure of proof which is required in civil causes.” 63 Ala., 326.
In State v. Jones, 64 Iowa, 350, the charge was murder in the first degree. The supreme court held that “where one charged with murder relies upon his insanity as a defense, the burden is on him to establish a preponderance of the evidence that at the time of the killing he was in such a state of insanity as not to be accountable for the act; but an instruction that, if the evidence goes no farther than to show that such a state of miiid was merely probable, was not sufficient, was erroneous, because its effect was to require more than a mere preponderance of the evidence to establish the defense.” See People v. Bell, 49 Cal., 485-488.
In Bond v. The State, 23 Ohio St., 349, it is held “the burden of proof to establish the defense of insanity in a criminal case rests upon the defendant, but a bare preponderance of testimony is all that is necessary for that purpose.” This rule is reasserted in Bergin v. The State, 31 Ohio St., 111, a ease like the one under consideration, of murder *151 in the first degree; Leoffner v. The State, 10 Ohio St., 598. Self defense in Ohio, as well as insanity, is regarded as affirmative defense. In Silvus v. The State, 22 Ohio St., 90, and Weaver v. The State, 24 Ohio St., 584, both eases where self-defense was relied upon by the accused for justification, this court held that the defense should be shown by preponderating’ evidence. These cases relating to the burden and quantum of evidence required to establish a plea of self defense, are of course only material as tending to show the steadiness with which this court has held to the rule that a preponderance of the evidence is sufficient to sustain an affirmative defense in a criminal cause.
We come now to the question whether the instructions given by the learned judge of the court of common pleas prescribing the quantum of evidence required to establish the defense of insanity, imposed on the plaintiff in error a higher degree of proof than the settled doctrine of the state imposed. After the learned judge had stated to the jury the claim of the plaintiff in error respecting his mental condition at the time of the homicide he proceded to prescribe the measure of proof requisite to maintain such claim, as follows: “In the first place the law présumes every person who has reached the age of discretion to be of sufficient capacity to be responsible for crime; and therefore the burden of establishing the defense of insanity of the accused affirmatively to the satisfaction of the jury, rests upon the defendant. It is not required, however, that this defense be established beyond a reasonable doubt; but it is sufficient if the jury is reasonably satisfied by the weight or preponderance of the evidence that the accused was insane at the time of commission of the act.”
*152 This language extended the obligation resting on the accused to the extreme limits of the rule prescribed by the former decisions of this court, but we cannot say that it clearly went beyond them, and therefore if it had halted there, error would not have intervened.
The learned judge, however, after stating to the jury the character and extent of mental aberation that must be shown to exonerate the accused from criminal responsibility, returned to the subject of the quantum of evidence necessary to establish that mental state, and instructed the jury as follows: “It is not enough, I say to you, that the proof barely show that such a state of mind was possible, nor is it sufficient if it merely show it to have been probably. The proof must be such as to overcome the legal presumption of sanity; it must satisfy you that he was not sane. Again I say to you, that if the proof satisfy you of his insanity at the time of the committing of the act, though such defenses are not uncommon in the law, yet it must be regarded by you, as a full and complete humane defense when satisfactorily established. If not satisfactorily established then it should not avail the prisoner at the bar as a pretext or means of escaping punishment imposed by law.”
The quantum of evidence to establish insanity made necessary by this instruction is substantially greater than a preponderance. It is not sufficient, according to this instruction, that the fact of insanity be made probable, something more than that is required; the jury must be “satisfied” that it existed. To satisfy the mind according to the common notion of mankind is, to free it from doubt; to set at rest. This is the primary *153 meaning' of the word, according to all the lexicographers, when used in this connection. To accomplish this result — to “satisfy” a body of men of the truth of a disputed fact — requires much more than a preponderance of the evidence. Clear and convincing evidence must be adduced in its favor. Evidence of this potency is rarely attainable in cases where insanity is contested. There must be grounds to assert insanitjq founded upon some peculiar conduct, natural or feigned of the party, or the claim will not be made. ■ There also must be conduct consistent with mental soundness, or the claim will be conceded. Where a long course of conduct is established, or a large number of mental or physical acts of a party are adduced, and parts of this conduct, and some of the acts tend to establish mental aberation, while the others consist with mental soundness, the whole evidence might not satisfy a jury that the mind of the party was disordered to the extent of rendering him criminally irresponsible for his acts, and yet might preponderate upon that side sufficiently to engender a belief that such mental condition was probable — that is likely — or supported by evidence sufficient to incline the mind to that belief but which leaves some room for doubt. — Webster.
Doubtless insanity is a defense that may be feigned, and frequently is where no other defense is available, but because artful criminals may adopt it as a last resort, is not a sufficient reason to impose upon the unfortunate, in whose behalf this humane defense is honestly interposed, a higher degree of proof than intrinsically belongs to it. The remedy for this mischief is a searching analysis by counsel,’ court and jury of the con- *154 duet of the party wherever there is reason to suspect that the insanity is feigned.
The learned judge may have been misled as to the quantum requisite to establish the defense of insanity in a criminal case by a note found at the end of the case of Clark v. The State, 12 Ohio, 483, which purports to give the charge of Judge Birchard, who presided at the trial in the court of common pleas.
The language imputed to Judge Birchard by that note was disapproved by the circuit court of the second circuit in a well considered case reported by Judge Shauck, now a member of this court. Sharkey v. The State, 2 C. C. Rep., 101.
By what authority that language is ascribed to Judge Birchard does not appear. If such language was employed by that learned judge, it was at a period in our judicial history, before the question of the burden of proof in such case had been finally settled. In the charge referred to, Judge Birchard explicitly laid down the rule, still adhered to by this court that the burden of proof rested on the accused to establish his insanity. Nothing appears in the case, however, to show that the degree of proof necessary to sustain this burden was discussed by counsel or specially considered by this court. Since then, in the case of Bond v. The State, 23 Ohio St., 349 (supra), this court held that a bare preponderance of the evidence was sufficient to establish this defense. This rule was adhered to in Bergin v. The State, 31 Ohio St., 111. The original contention, as we have seen, respected the party upon whom the burden rested. This court adopted the view of this question most unfavorable to the accused, by easting upon him the burden of proving his insanity, but *155 we do not think this burden should be further increased by requiring of him more than a preponderance of the evidence. As the instructions given to the jury by the learned judge who presided at the trial in the court of common pleas prescribed more than this, it was erroneous in this respect.
Other questions are raised by the record and discussed by counsel, but we think none of them contain substantial error.

Judgment reversed.

Minshall, J., dissents.