JOHN O'CONNELL, Plaintiff in Error, v. THE PEOPLE OF THE STATE OF NEW YORK, Defendants in Error.

Upon a criminal trial, the burden is upon the prosecution of showing : *First,* that the acts charged were committed by the prisoner. *Second,* that at the time he was mentally responsible for his acts. The legal presumption that every person is sane is sufficient to sustain the latter until repelled. But in any event, the prosecution must satisfy the jury upon the whole evidence, as the affirmative remains with it until the end of the trial.

Upon the trial of an indictment for an assault with intent to kill, where one of the questions was as to the sanity of the prisoner, and which had been tried by the prosecution upon the theory that the burden was upon it of maintaining the prisoner's sanity, the court, after calling the attention of the jury to facts alleged in behalf of the prisoner, showing insanity, directed them " to determine, from the evidence, whether or no such is the fact," and charged that " he is presumed to be a sane man until he convinces you by evidence that he is insane." *Held,* no error.

After the court had so charged, and after it had defined insanity, it charged in conclusion as follows : " If you have a reasonable doubt, from the evidence, that the prisoner is guilty of this crime, then you should give him the benefit of that doubt." The prisoner's counsel requested the court to charge that he was entitled to the benefit of any reasonable doubt arising on the evidence as to his sanity or insanity ; this was refused. *Held* no error ; as the substance of the request was embraced in the charge made, and the court could not be required to repeat it or answer again to different portions as analyzed by the counsel.

(Argued December 6, 1881 ; decided January 17, 1882.)

ERROR to the General Term of the Supreme Court, in the third judicial department, to review judgment entered upon an order made September 20, 1881, which affirmed a judgment of the Court of General Sessions in and for the county of Albany, entered upon a verdict convicting the appellant of an assault with intent to kill.

The fact of the commission of the alleged assault by the prisoner was proved, and upon his behalf an attempt was made to show he was insane at the time of the assault. This question was submitted in the following language : " You are to determine, from the evidence, whether or no he was insane at the time of this occurrence. The presumption of the law is, in this

instance, against the prisoner, as in the other it was in his favor. He is presumed to be innocent of the performance of an act until he is proven to be guilty. He is presumed to be a sane man, and amenable to all the appliances of the law until he convinces you, by evidence, that he is insane. And he is responsible for the appliance of the law until he relieves himself by convincing you that he is insane, and not responsible. And by insanity is to be understood, in the sense of the law, a diseased condition of the mind and conscience of the person so as not to be able to comprehend the nature and quality of the act which he does, and so that he is not able to determine the right or the wrong of that act. If he can determine those two, the nature and quality of the act, and is able to determine whether or no that act is right or wrong in the light of God's law, then he is not insane, and is not relieved from the responsibility attaching to the act which he does. * * * If a man does not comprehend the nature and quality of that which he does, and the right or the wrong, then he is relieved; if he does comprehend both, then he is responsible for that which he does. If you have a reasonable doubt, from the evidence in this case, that the prisoner is guilty of this crime, then you should give him the benefit of that doubt, and he should stand upon his acquittal; if you have no such doubt, then you should pronounce him guilty."

At the close of the charge, the prisoner's counsel requested the judge to charge " that if, from the evidence in the case, a reasonable doubt arises in the jurors' minds as to the sanity or insanity of this defendant, that he is entitled to the benefit of that doubt."

The Court — " No, I decline to charge that."

A further request to charge, " the defense are not required to establish, beyond a reasonable doubt, the insanity of the prisoner; if the evidence raises a reasonable doubt whether he was insane or not, he is entitled to that doubt."

The Court — " I decline to charge that."

The prisoner's counsel excepted to such refusals to charge.

Further facts appear in the opinion.

Statement of case.

*D. Cady Herrick,* district attorney, for plaintiff in error. Under the statute, the defendant must be insane to escape liability for his acts. (3 R. S. [6th ed.] 988, § 2.) That insanity must be such that he cannot distinguish right from wrong at the time of, and with respect to the act complained of. (*Willis* v. *People,* 32 N. Y. 715; *Flanagan* v. *People,* 52 id. 467; *People* v. *Brotherton,* 75 id. 159.) There is no testimony in the case amounting to evidence of insanity. (*Willis* v. *People,* 32 N. Y. 715; *Walter* v. *People,* id. 147; *Ferris* v. *People,* 35 id. 125, 128, 129.) The court is not bound to charge upon abstract questions. (*Ferris* v. *People,* 35 N. Y. 125; *Walter* v. *People,* 32 id. 147; *Woody* v. *Osgood,* 54 id. 488; *Slatterly* v. *People,* 58 id. 354.) When the jury has been instructed upon every question material to the disposition of the case, the court may decline to give further instructions. (*Walter* v. *People,* 32 N. Y. 147; *Ferris* v. *People,* 35 id. 125; *Moody* v. *Osgood,* 54 id. 488; *Slatterly* v. *People,* 58 id. 354; *Morehouse* v. *Yeager,* 71 id. 594; *Rexter* v. *Starin,* 73 id. 601; *Moet's Case,* Ct. of App., MS.) The test of responsibility of an insane person is the capacity of the defendant to distinguish between right and wrong at the time of, and with respect to the act complained of. (*Flanagan* v. *People,* 52 N. Y. 457; *People* v. *Brotherton,* 75 id. 159; *Moet* v. *People,* 85 id. 373.) Where a prisoner sets up insanity as a ground of defense, the burden of proving his innocence on that ground rests on him. (*Regina* v. *Dayton,* 4 Cox C. C. 149; *Commonwealth* v. *Heath,* 11 Gray, 303; *Commonwealth* v. *Eddy,* 7 id. 583; *State* v. *Coleman,* 27 La. Ann. 691; *In the Matter of Insane Criminals,* 8 Scott's N. R. 595; 1 C. & K. 130, note; *Boswell* v. *State,* 63 Ala. 307; *Ortwein* v. *Commonwealth,* 76 Penn. St. 414; *State* v *Redemeier,* 71 Mo. 173; *Baccigalupo* v. *Commonwealth,* 33 Gratt. 807; *State* v. *Strauder,* 11 W. Va. 745, 823; *State* v. *Spencer,* 1 Zabr. 202; 4 Blackst. 201.)

*J. H. Clute* for defendant in error. The judge erred in refusing to charge the jury that if, from the evidence in the case, a reasonable doubt arises in their minds as to the sanity

or insanity of defendant, then he is entitled to the benefit of that doubt. (*Brotherton* v. *The People*, 75 N. Y. 159; *The People* v. *McCann*, 16 id. 70; *Wagner* v. *The People*, 2 Keyes, 684.)

DANFORTH, J. The appellant was convicted of an assault with intent to kill. The conviction was affirmed by the General Term of the Supreme Court, and upon appeal from that decision two points are made in his behalf. *First*, that the court erred in charging the jury. In support of this proposition it is assumed by his counsel that the judge charged "that the defense of insanity is an affirmative defense" and the prisoner bound to satisfy the jury by proof that he was insane. *Second*, that the court erred in refusing to charge that the defendant was entitled to the benefit of any reasonable doubt arising on the evidence as to his sanity or insanity. We think neither are well taken. The questions upon the trial were, *first*, were the acts charged, committed by the prisoner, and *second*, at the time of their commission was he in such condition of mind as to be responsible for them. If answered in the affirmative the acts constituted a crime and the conviction was proper. As to each, therefore, the burden was upon the prosecutor, for upon the existence of both the guilt of the prisoner depended.

This result follows the general rule of evidence which requires him who asserts a fact to prove it. That the first proposition was established is not denied. The legal presumption that every man is sane was sufficient to sustain the other until repelled, and the charge of the judge, criticized in the first point made by the appellant, goes no further. If the prisoner gave no evidence the fact stood; if he gave evidence tending to overthrow it, the prosecutor might produce answering testimony, but in any event he must satisfy the jury, upon the whole evidence, that the prisoner was mentally responsible; for the affirmative of the issue tendered by the indictment remained with the prosecutor to the end of the trial. Without going to other authorities these observations are warranted by *Brotherton* v. *The People* (75 N. Y. 159), where the general rule above stated was applied to questions similar to those before us.

It was not violated by the trial court.   After referring to acts constituting the offense charged and the rules of law applicable thereto, the learned judge called attention to the fact alleged in behalf of the prisoner, that he was an insane man at the time they were committed and so not responsible therefor, and directed them " to determine from the evidence whether or no such is the fact."   " He is presumed," the court said, '' to be a sane man until he convinces you by evidence that he is insane," defined insanity in a manner not objected to, and said if such was the prisoner's condition " he was relieved from. responsibility, otherwise he was responsible for that which he does," and in conclusion said, " if you have a reasonable doubt, from the evidence, that the prisoner is guilty of this crime, then you should give him the benefit of that doubt."   These words related to, and covered the whole issue tendered by the indictment.   It is quite impossible that the jury should have misapprehended them.   The prosecutor had conducted the trial upon the theory that the burden was upon him of maintaining, as a part of that issue, the sanity of the prisoner; this further appears from his request; when, anticipating that the jury might fail to find the greater offense, the district attorney asked the court to charge "that if the jury find the wounds were inflicted by the prisoner, and that he was sane, etc., they could convict of an offense lesser in degree," and the court complied.   Here again, as well as in the preceding part of the charge, the sanity of the prisoner is made a necessary element in the definition of the crime.

It, therefore, was not necessary to comply with the request of the prisoner's counsel.   The substance of the request was embraced in the charge made, and the court could not be required either to repeat it or answer again to different portions as analyzed by counsel.

We think the charge will not bear the construction on which the first point of the appellant rests, and, as the trial was conducted without error, the conviction should be affirmed.

All concur, EARL, J., concurring in result.

Judgment affirmed.