THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v.* SAMUEL P. HILL, APPELLANT.

*Trial of a person indicted for murder in the second degree — the burden of proving that the killing was neither justifiable nor excusable remains with the people throughout the case.*

On the trial of the defendant upon an indictment for the crime of murder in the second degree, alleged to have been committed by the shooting and killing of one Robert Peasley, at the town of Sidney, on the 10th day of September, 1886, it was clearly established that, at the time and place alleged, the defendant shot and wounded Peasley, and that Peasley, on the same day, died from the effects of such wound. The question litigated upon the trial was whether the defend-

ant killed Peasley under such circumstances as to constitute the crime of murder or manslaughter, or whether the homicide was justifiable.

The testimony of the defendant and his witnesses, as to the circumstances of the killing, was such as to justify the jury in finding that no crime had been committed, while the evidence introduced by the people, as to the circumstances of the killing, still left it as a question, to be determined by the jury, whether the defendant's act was criminal or whether it was justifiable.

In submitting the case to the jury the court, after charging the jury upon the question of self-defense, gave them the following instructions: "But, gentlemen, when, as in this case, the fact that the defendant shot the deceased with a pistol is admitted or not disputed, then the burden is thrown upon the defendant to show, to the satisfaction of the jury, the existence of sufficient cause to justify him, in the use of this deadly weapon, in taking the life of Robert Peasley."

*Held,* that as the statute (Penal Code, §§ 179, etc.), under which the defendant was indicted and tried, makes the killing of a human being a crime only when it is neither justifiable nor excusable, the burden of proving not only that the human being has been killed by the defendant, but, also, that the killing was perpetrated under such circumstances as to constitute a crime, is imposed upon the prosecution, and the burden of establishing and maintaining these facts remains with the prosecution throughout the case.

In the preceding portion of the charge, in answer to the defendant's request to charge, that if the jury have a reasonable doubt as to whether the defendant believed, at the time the shot was fired, from the threats and assaults that the deceased made upon him, that he would be killed or suffer great bodily harm, the defendant should have the benefit of such doubt and should be acquitted. The court said: "I charge you, in answer to that request, that if you find as facts, from all the evidence, that the threats were made and that the assault was made, then the proposition is correct, and I will so charge you; but it is for you to find whether these threats were made, and that is a question of fact entirely for you."

*Held,* that this portion of the charge did not remedy or correct the error committed, in regard to the burden of proving that the killing was not justifiable, as the court did not charge that the defendant was entitled to the benefit of any reasonable doubt as to the non-existence of those facts, but only as to the defendant's belief based upon them, after he had established them to the satisfaction of the jury,

*Held,* further, that this error was not cured by a prior charge, made in response to a request of the defendant, "that a defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt, whether his guilt is satisfactorily shown, he is entitled to that doubt and is to be acquitted."

APPEAL from a judgment, entered upon a verdict rendered upon the trial of the defendant at the Delaware Sessions, in March, 1887, upon an indictment for murder in the second degree, and from the sentence imposed by the court of ten years imprisonment at Auburn.

*James R. Baumes* and *F. R. Gilbert,* for the appellant.

*Samuel H. Fancher,* district attorney, and *W. H. Johnson,* for the respondent.

MARTIN, J.:

The defendant was indicted for the crime of murder in the second degree. The offense was alleged to have been committed by shooting and killing one Robert Peasley at the town of Sidney, Delaware county, N. Y., on the 10th day of September, 1886. To this indictment the defendant pleaded not guilty. The action was tried at the Delaware County Sessions, in March, 1887. The jury found the defendant guilty of manslaughter in the second degree. The judgment of the court was that the defendant be imprisoned in the State prison for the period of ten years. From this conviction and judgment the defendant appealed.

On the trial it was clearly established that at the time and place alleged the defendant shot and wounded Robert Peasley, and that he, on the same day, died from the effect of such wound. The question which was chiefly litigated upon the trial was, whether the defendant killed Peasley under such circumstances as to constitute the crime of murder or manslaughter, or whether, under the circumstances, the homicide was justifiable?

If Peasley was killed under the circumstances testified to by the defendant and his witnesses, the jury would have been clearly justified in finding that no crime had been committed. If he was killed under the circumstances developed by the evidence introduced by the people, still it was a question of fact for the jury, to be determined from such evidence, whether the defendant's act was criminal or whether it was justifiable.

In submitting this case to the jury the court, at the request of the prosecution, charged as follows: " That it appears by the uncontradicted evidence that the defendant shot the deceased with a pistol. The burden of proof is on the defendant to show sufficient cause to justify him in the use of the deadly weapon." And the learned trial judge, after charging the jury upon the question of self-defense, gave them the following instructions: " But, gentlemen, when, as in this case, the fact that the defendant shot the deceased with a

pistol is admitted, or not disputed, then the burden is thrown upon the defendant to show to the satisfaction of the jury the existence of sufficient cause to justify him in the use of this deadly weapon in taking the life of Robert Peasley. In considering this, which is the material and important question in this case, recall the evidence," etc. To these portions of the charge the defendant duly excepted. This exception presents one of the most serious questions arising on this appeal.

By the portions of the charge thus excepted to, the jury were, in effect, instructed that it having been proved that the defendant killed Peasley, and not disputed, they should find the defendant guilty, unless he had satisfied them affirmatively that the act was justifiable and not criminal. The tendency and natural result of this portion of the charge was to inspire in the minds of the jury the belief, and to lead them to understand, that when the people had once established the fact that the defendant killed Peasley, that then the law imposed upon the defendant the burden of satisfying them affirmatively, and by at least a fair preponderance of independent evidence, that sufficient cause existed to justify his act, and that if he did not furnish sufficient evidence to thus satisfy them they should find him guilty.

The vice of this portion of the charge rests in the fact that by it the people were relieved from the burden of proving the elements required to constitute the crime charged, or the crime of which the defendant was convicted and the obligation of showing affirmatively that the homicide was committed under such circumstances as to excuse or justify it, was imposed upon the defendant. In other words, the people were not required to establish the ingredients of the crime charged, but were only required to establish one of the ingredients, *i. e.*, the killing, and then the burden was cast upon the defendant to prove that he was not guilty. This rule is not in keeping with the statute nor is it sustained by the authorities.

"Homicide is the killing of one human being by the act, procurement or omission of another. Homicide is either murder, manslaughter, excusable homicide or justifiable homicide." The killing of a human being, *unless it is excusable or justifiable,* is either murder or manslaughter. (Penal Code, §§ 179, 180, 183, 184, 188.) Thus it will be seen that the statute under which the defendant was indicted and tried, makes the killing of a human being a crime only

when it is neither justifiable nor excusable. Under this statute we think the burden of proving not only that a human being has been killed by the defendant, but also that the killing was perpetrated under such circumstances as to constitute a crime, is imposed upon the prosecution, and the burden of establishing and maintaining these facts remain, with the prosecution throughout the case. The following authorities are to the same effect: *Stokes* v. *The People* (53 N. Y., 164); *People* v. *Willett* (36 Hun, 500, 511); *People* v. *McCann* (16 N. Y., 58); *Brotherton* v. *The People* (75 id., 159); *O'Connell* v. *The People* (87 id., 377, 380); *The People* v. *Conroy* (97 id., 63, 75).

In *Stokes* v. *The People*, where the charge was very similar to the charge in this case, it was held to be erroneous, and the conviction was reversed and a new trial granted. GROVER, J., in delivering an opinion in that case, says: "To justify such conviction it was necessary for the prosecution to prove all the facts, bringing the case of the prisoner within it (the statute defining the crime of murder in the first degree). Mere proof of the killing did not, as a legal implication, show this. It might still be murder in the second degree, manslaughter in some degree, or justifiable or excusable homicide, consistent with such proof. It was error to instruct the jury that the law implied all these facts from the proof of the killing." In the same case RAPALLO, J., says: "It is a cardinal rule in criminal prosecutions that the burden of proof rests upon the prosecutor; and that if upon the whole evidence, including that of the defense as well as of the prosecution, the jury entertain a reasonable doubt of the guilt of the accused, he is entitled to the benefit of that doubt. The jury must be satisfied on the whole evidence of the guilt of the accused, and it is clear error to charge them, when the prosecution has made out a *prima facie* case, and evidence has been introduced tending to show a defense, that they must convict, unless they are satisfied of the truth of the defense. Such a charge throws the burden of proof upon the prisoner and subjects him to a conviction, though the evidence on his part may have created a reasonable doubt in the minds of the jury as to his guilt. Instead of leaving it to them to determine upon the whole evidence whether his guilt is established beyond a reasonable doubt, it constrains them to convict, unless they are fully satisfied that he has proved his innocence."

In the case of the *People* v. *Willett*, LANDON, J., says : It is well-settled law that the burden of proof rests upon the people to establish the case charged ; that where the crime consists of several degrees, this burden exists as to the degree charged, and as to every fact necessary to constitute that degree; and that if, upon the whole evidence, including that of the defense, as well as that of the prosecution, the jury entertain a reasonable doubt of the guilt of the accused, he is entitled to the benefit of that doubt ; and this is true with respect to the degree of the crime charged, and with reference to every essential requisite of that degree, and that in all these respects the burden is never shifted from the prosecutor to the prisoner."

The rule which seems to be established by the authorities is, that the burden of proving the crime charged always rests with the prosecution ; that when the people have established a *prima facie* case they may rest, and the defendant may introduce evidence of any defense he may have, whether negative or affirmative, but the burden of proving that the act complained of was committed under such circumstances as to constitute a crime is never changed, it always rests upon the prosecution ; and if upon the whole evidence, upon both sides, a reasonable doubt exits as to the guilt of the defendant, he is entitled to the benefit of it. We are of the opinion that the court erred in charging that the burden of proof was upon the defendant to show sufficient cause to justify his act in killing Peasley, and that the defendant's exception to that portion of the charge was well taken.

It is, however, claimed by the respondent that this error was cured by a preceding portion of the charge which was made in answer to the defendant's seventh request. The request and charge were as follows : " Seventh. If the jury have a reasonable doubt as to whether the defendant believed, at the time the shot was fired, from the threats and assault that the.deceased made upon him, that he would be killed or suffer great bodily harm, the defendant should have the benefit of such doubt and should be acquitted.

" The COURT — I charge you, in answer to that request, that if you find as facts, from all the evidence, that the threats were made, and that the assault was made, then the proposition of law is correct and I will so charge you, but it is for you to find whether these threats were made, and that is a question of fact entirely for you."

The effect of this portion of the charge was to instruct the jury that if they should find, as facts, that the deceased threatened and assaulted the defendant, then the defendant was entitled to any reasonable doubt they might have as to his belief, based upon those facts. I do not see how this portion of the charge remedied or corrected the error subsequently committed. The burden of proving the facts which should satisfy the jury that no crime had been committed, was, by the charge, still imposed upon the defendant. The court did not charge that the defendant was entitled to the benefit of any reasonable doubt as to the non-existence of those facts, but only as to the defendant's belief, based upon them after he had established them to the satisfaction of the jury.

The respondent also contends that this error was cured by the charge made in response to defendant's second request, which was, that " a defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt, whether his guilt is satisfactorily shown, he is entitled to the benefit of that doubt and is to be acquitted." We do not think so. After this portion of the charge was made the court, in substance, told the jury that when, as in this case, the killing was proved, and not disputed, it was the duty of the defendant to satisfy them that the killing was not criminal. We cannot say that the jury were not misled by this portion of the charge, because much earlier in the charge, in answer to a request by the defendant, the court had instructed them in relation to the presumption of innocence and upon the question of reasonable doubt. On the contrary, we think the direct tendency of the instruction given was to mislead them.

These considerations lead us to the conclusion that the court erred in its charge, and that for such error the judgment and conviction should be reversed and a new trial granted. This conclusion renders it unnecessary to examine the other exceptions in the case.

Judgment and conviction reversed and new trial granted.

" HARDIN, P. J., concurred; FOLLETT, J., not voting.

Conviction and judgment reversed and a new trial ordered, and proceedings remitted to the Court of Sessions of Delaware county with instructions to proceed