### PEOPLE v. PHELPS.

*(Supreme Court, General Term, Third Department.   April 4, 1892.)*

CRIMINAL LAW—APPEAL—REVERSAL ON QUESTION OF LAW.

> On appeal from a conviction of the offense of advising a woman to take drugs to produce abortion, the court, in their opinion, observed that "there was a sharp conflict as to the facts which they need not discuss; the important question being whether the word 'advised' used in the statute does or does not imply that the advice must be followed in order to constitute the crime." The opinion then discussed certain provisions of the Penal Code bearing on the offense, and concluded: "We are of opinion that mere advice to take medicine, where no medicine is taken, * * * cannot be the crime of abortion." *Held* sufficient to show that the conviction was reversed on questions of law only.

Indictment against John H. Phelps for advising a woman to take medicine to produce an abortion. Defendant was convicted, and, the conviction

being reversed on appeal, (15 N. Y. Supp. 440,) the people move to amend the order of reversal so as to show that the judgment of the court below was reversed on questions of law only.    Motion granted.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

C. A. Kellogg, for the People.    V. P. Abbott, for defendant.

MAYHAM, P. J.   We do not think, under the circumstances of this case, that the district attorney has been guilty of such laches in moving as to preclude the making of this motion, or justify the court in refusing to grant the relief asked on that ground.   The principal question, therefore, to be considered is whether the general term, in reversing this conviction, did so upon the exercise of its discretion upon the facts, or whether its decision was upon the questions of law only.   We think, from an examination of the opinion of the learned presiding judge, which was concurred in by his associates, that the case was disposed of by the general term entirely upon questions of law, and that the court refused to reverse on questions of fact.   It is true the judge refers to the disputed questions of fact upon the trial, but concludes his discussion of the same in these words: "There was a sharp conflict as to the facts, which we need not discuss."   He then proceeds as follows: "The important question raised in this case is whether the word ' advised ' does or does not imply that the advice must be followed in order to constitute the crime.   All other words in the section in a similar position include some act other than mere speech, such as 'prescribes,' 'supplies,' 'administers,' 'uses or causes to be used;' and, when the word 'advises' is used, the connection is 'advises or causes a woman to take.'"   The learned judge then proceeds to discuss at some length the provisions of section 294 of the Penal Code, and the other sections bearing upon the same subject, in connection with the charge in the indictment, and concludes his opinion as follows: "We are of opinion that mere advice to take medicine, when no medicine, drug, or substance of any kind is taken, and when, therefore, no injury has been done to any one, cannot be the crime of abortion."   From this examination of the opinion it seems clear that the judgment and conviction were reversed upon questions of law only, and that the order should be so amended as to show that fact.   Let the order heretofore entered be vacated, and the order submitted on this motion be entered nunc pro tunc, and stand as the order of the general term on this appeal.    All concur.