# THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT, *v.* SAMUEL P. HILL, APPELLANT.

*Crimes — justifiable manslaughter — burden of proof — death of a witness proved by the understanding and belief of near relatives.*

The material issue upon the trial of an indictment was whether Samuel P. Hill killed Robert Peasley, under such circumstances as to constitute a crime, or whether such killing was justifiable.

The court charged the jury: "If you shall believe that the defendant was justified in this attack; and I mean by that, if you shall be convinced beyond reasonable doubt that he was justified in it, then your verdict shall be not guilty."

*Held,* that this charge was erroneous.

That, by these words, the burden of proof was cast upon the defendant not only to justify his attack but to justify it beyond a reasonable doubt.

On a former trial evidence material to the case of the defendant was given by Amasa B. Waters, who then resided in Georgia and was seventy-seven years old. On the second trial it was proved that Waters returned to Georgia after the first trial, and also that his near relatives understood that he died in 1888.

*Held,* that the evidence given upon the former trial upon the same issues between the same parties was admissible.

That a ruling excluding it would be reviewed on appeal.

APPEAL by the defendant Samuel P. Hill from a judgment of the Court of Oyer and Terminer of Delaware county, rendered on the 3d day of October, 1890, convicting him of the crime of manslaughter in the second degree; and also from an order denying a motion for a new trial.

Upon the trial Sarah Waters, a daughter-in-law of Amasa B. Waters, testified that she had heard from his son that Amasa B. Waters was dead. She also identified the handwriting of a letter written by Mary J. Becker, a daughter, to the defendant's attorney, stating his death, and giving the particulars thereof.

It appeared by the statement of facts contained in the appellant's brief that the appellant was indicted by the grand jury of Delaware county for murder in the second degree, for having killed one Robert Peasley on the 10th day of September, 1886, at the town of Sidney in that county. To this indictment the defendant pleaded not guilty. His defense was justifiable homicide.

He was subsequently tried at the Delaware Sessions in March, 1887. The jury rendered a verdict of guilty of manslaughter in the

second degree. The court thereupon sentenced the defendant to ten years' imprisonment in the State prison at Auburn. From the judgment of conviction the defendant appealed to the General Term of the Supreme Court. The General Term reversed the judgment and granted a new trial. The judgment of reversal was entered in Delaware county clerk's office January 8, 1889. The people appealed from that judgment to the Court of Appeals, which affirmed the judgment of the General Term. Subsequently the action was sent to the Oyer and Terminer.

The case was again tried in the Oyer and Terminer in September, 1890. The trial resulted in a verdict against the defendant of manslaughter in the second degree and he was sentenced to imprisonment in the State prison at Auburn for the term of five years and two months. On the last trial the defendant added to his plea of not guilty the further plea of the former acquittal.

The record disclosed that the defendant moved for a new trial upon all the grounds mentioned in section 465 of the Code of Criminal Procedure, and especially: 1. Upon the ground that the court had misdirected the jury in matters of law to which the defendant had excepted. 2. On the ground that the verdict was contrary to the evidence. 3. On the ground that the verdict was clearly against the weight of evidence. This motion was denied. From the judgment and the order denying the motion for a new trial the appellant appealed to this court.

*James R. Baumes*, for the appellant.

*John P. Grant*, for the respondent.

MARTIN, J.:

The material issue in this case was whether the defendant killed Robert Peasley under such circumstances as to constitute a crime or whether such killing was justifiable.

That being the principal issue in the case the court charged: " If you shall believe that the defendant was justified in this attack, and I mean by that if you shall be convinced by the evidence beyond reasonable doubt that he was justified in it, then your verdict shall be not guilty." Thus the court, in effect, instructed the jury not only that the defendant must justify his attack thereby casting the

burden of proof upon him, but that he must bear such burden to the extent of establishing such justification beyond a reasonable doubt. Manifestly, this was error. (*Stokes* v. *People*, 53 N. Y., 177; *People* v. *Downs*, 123 id., 558; *People* v. *Hill*, 3 N. Y. Supp., 564; *People* v. *Riordan*, Id., 774; affirmed, 117 N. Y., 71.)

The charge being erroneous, we cannot say that the defendant was not possibly injured or prejudiced by the error, although the court correctly instructed the jury upon this question in other parts of the charge. (*Greene* v. *White*, 37 N. Y., 405.) For this error, we think, the judgment and order should be reversed.

Moreover, we are disposed to think that the trial court should have received the evidence of the witness, Amasa B. Waters, taken on the former trial. That such evidence was admissible, if the proof of the death of the witness was sufficient, there can be no doubt. While it may be that the proof was insufficient to establish the fact of death in an action where it was a direct issue, yet, as the question arose in this case incidentally or collaterally, we think the evidence was sufficient to have justified the court in admitting the former testimony of the witness.

The judgment and order reversed and the clerk directed to enter judgment and remit a copy thereof with the return and decision of this court to the clerk of Delaware county, pursuant to sections 547 and 548 of the Code of Criminal Procedure.

HARDIN, P. J., and MERWIN, J., concurred.

HARDIN, P. J.:

Upon the trial the defendant offered to read the evidence of Amasa B. Waters, given upon the former trial. The testimony was important and material, tending to support the defense. It was objected to and excluded. At the time the evidence was given by the witness he resided in Georgia, and was past seventy-seven years of age. To the exclusion of the evidence an exception was taken. Prior to the evidence being offered on this trial, evidence was given tending to show that the witness had returned to the State of Georgia. We think sufficient evidence was offered tending to establish the death of the witness, and that his death was established *prima facie*, and that it was erroneous to exclude it. While the ruling is in some sense a matter of discretion, we think that it is

reviewable. (*Jackson* v. *Waldron*, 13 Wend., 199.) Section 392 of the Code of Criminal Procedure provides that the rules of evidence in civil cases are applicable also to criminal cases. *The People* v. *Murphy* (101 N. Y., 126), recognizes the rule laid down in the section just mentioned. It seems to be well settled that where the question of the death of the party or witness is involved collaterally or incidentally, "resort may be had to what is commonly said and understood to be true among the immediate relatives and family connections of the party to whom the inquiry relates." (*Clark* v. *Owens*, 18 N. Y., 442; 2 Greenleaf's Evidence, p. 263, § 78; p. 266 and note.)

In *Bradley* v. *Mirick* (25 Hun, 272), the testimony of a witness was offered on a second trial, he having died subsequent to the first trial; an objection was taken that inasmuch as he was not cross-examined on the first trial that his testimony ought to be excluded; it was so excluded by the trial court. We held this was error, and our decision was affirmed in the Court of Appeals (91 N. Y., 293), as appears by the opinion, although a note accompanying the syllabus erroneously states that the case was reversed. In *Jackson* v. *Etz* (5 Cowen, 319), it was said : "The fact that a soldier, or any other individual, was missing at a particular time, accompanied with a report and general belief of his death, must be, in many cases, not only the best, but the only evidence which can be supposed to exist of his death. It is, perhaps, reasonable that it should be held *prima facie* sufficient. (*Doe* v. *Griffin*, 15 East, 293.)"

The evidence of Waters was erroneously excluded. The foregoing views, as well as those expressed in the opinion of MARTIN, J., lead me to vote for a reversal of the conviction.

Judgment and order reversed and the clerk directed to enter judgment and remit a copy thereof with the return and decision of this court to the clerk of Delaware county, pursuant to sections 547 and 548 of the Code of Criminal Procedure.