ISAAC ALTMAN et al., as Administrators, etc., Appellants, *v.* ELI HOFELLER, Impleaded, etc., Respondent.

On appeal to the General Term from a judgment in an action against administrators for an accounting, that court reversed the judgment and granted a new trial, as to one of the defendants, and affirmed it as to the others; at a subsequent term the memorandum of decision was amended by adding a provision, that the settlement of the accounts of the other defendants should be of no force as against the one who succeeded on the appeal. On appeal to this court by plaintiffs from the order granting the amendment, and from so much of the order of reversal as contained the amendment, *held*, that the appeal brought up nothing for review; that the General Term had power to reverse as to one of the defendants, and to insert the provision appealed from, also to conform the original order to the decision intended to be made; and so, the fact, the provision was inserted by amendment made at a subsequent term did not alter its effect or validity; that plaintiffs could not sever this provision from the order, and appeal from that alone, but could only raise the question as to the correctness of the determination, making the accounting of no force as against the successful defendant while leaving it to stand as to the others upon appeal from the whole order, or upon a new trial.

(Argued March 13, 1893 ; decided March 21, 1893.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, made October 21, 1892, which amended a memorandum of decision theretofore made by said General Term reversing the judgment herein as to defendant, Eli Hofeller, and granting a new trial and affirmed the judgment as to the other defendant. The amendment consisted of the addition to the memorandum of the following words : " But that the settlement of the accounts of Schanette Wile and Lehman Hofeller, as administratrix and administrator of Sigmund Hofeller, deceased, by the referee in this action and the judgment therein shall be of no force and effect as against said Eli Hofeller in the further proceedings in this action," and also appeal from so much of the order of the same date entered pursuant to the memorandum amended as contained the amendment.

This was an action to procure a judicial settlement of the accounts of defendants as administrators of Sigmund Hofeller, deceased.

The following is the opinion in full:

"The appeal must be dismissed. The General Term in the exercise of its jurisdiction had the power to determine the appeal and to affirm or reverse either generally as to all the parties, or to affirm as to one or more parties and reverse as to another and grant a new trial. In granting a new trial it inserted in its order and as part thereof a provision that on the new trial the settlement of the administrator's accounts by the referee (and which was rendered final as between the accounting parties and the plaintiffs, the administrators of the sureties on the administrator's bond, by the affirmance of the judgment as between these parties), should be of no force or effect as against Eli Hofeller, in whose favor a new trial was awarded. The fact that this provision was added to the order granting a new trial by amendment made by the General Term, at a subsequent session, in no respect alters the situation from what it would have been if the provision had been contained in the original order granting a new trial.

"The court had an inherent right to conform the order to the decision intended to be made. The plaintiffs had two courses open when the order was finally settled. They could appeal from the order granting a new trial, giving the usual stipulation for judgment absolute, or go back and try the case over again as between themselves and the defendant Eli Hofeller.

"The question as to the right of the General Term to declare in the order granting a new trial, that on such new trial the accounting between the other parties should not bind Eli Hofeller, could be raised in this court on appeal from the whole order, and the plaintiffs could then argue the question of the power of the court to insert the provision. They cannot sever this provision in the order from the direction for a new trial and appeal from that alone, and in this way escape from the necessity of stipulating for judgment absolute. The other course was to go back, and on the new trial insist that the accounting was in law conclusive on Eli Hofeller, notwithstanding the provision in the order of the General Term, and that the General Term had no power, while leaving the

accounting to stand as between the accounting parties, to make it of no force as between the plaintiffs and Eli Hofeller. If the ruling on this point on the new trial should be adverse, the plaintiffs can raise the question by exception and have it decided on an appeal from the judgment on the new trial, if judgment goes against them.

" We think it plain that the present appeal is unauthorized, and it should, therefore, be dismissed."

*Norris Morey* for appellants.

*Wm. F. Cogswell* for respondent.

*Per Curiam* opinion for dismissal of appeal.
All concur.
Appeal dismissed.