THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SAMUEL P. HILL, Appellant.

*Criminal appeals — amendment of an order entered on a defective memorandum of decision — duration of the jurisdiction of the appellate court.*

When the General Term has reversed, on appeal, a judgment of conviction in a criminal action, with the intention of ordering a new trial, but the memorandum of the decision as handed down contains, through inadvertence, merely a statement of reversal, without either ordering a new trial or directing that the defendant be discharged or his bail be exonerated as prescribed by the Code of Criminal Procedure (§ 545), and an order has been entered on the decision as handed down, but no judgment has been entered thereon, it is the duty, and is within the power, of the General Term, to amend such order so as to make it conform to and carry into effect the decision intended.

A criminal case, taken to the General Term on appeal, is to be regarded as still in that court after its decision there, until a judgment has been entered in the judgment book of the county where the court is in session when the decision is made, and has been certified to the county where the original judgment roll is filed (Code Crim. Proc. §§ 547, 548); until this has been done, the General Term has sufficient jurisdiction of the case to make an order granted by it conform to its intended decision.

MOTION by the People of the State of New York to correct the order of reversal of the General Term heretofore made in the above-entitled action; the decision upon which such order was made is reported in 65 Hun, 420.

*James J. Baumes*, for the appellant.

*W. F. White*, for the respondent.

PER CURIAM:

This is a motion to correct an order made by this court reversing the judgment of the Oyer and Terminer by adding to such order a direction for a new trial, or that the defendant be discharged or his

bail exonerated, as required by section 545 of the Code of Criminal Procedure.

The defendant was indicted for murder in the second degree, and, at the Oyer and Terminer held in Delaware county September, 1890, convicted of manslaughter in the second degree. From the judgment of conviction thus rendered an appeal was taken to this court, where the judgment was reversed for errors in rejecting evidence offered by the defendant and in the judge's charge.

In the memorandum of decisions handed down by this court it was stated that the judgment and order were reversed, without directing a new trial or discharging the defendant or his bail. In pursuance of that memorandum the defendant caused an order to be entered in the office of the clerk of Oneida county, where the court was held when the decision of this appeal was made, and the clerk of that county thereupon certified a copy thereof to Delaware county where the original judgment roll was filed.

Subsequently this motion was made, and the Court of Oyer and Terminer was requested to return to this court the papers and proceedings sent to the clerk of Delaware county, and the judgment entered therein, to be used upon the consideration of this motion. With that request the Court of Oyer and Terminer complied, so that the judgment roll and all the papers in the case are now before us. These papers disclose that no judgment has in fact been entered on the decision of this court, either in Oneida or Delaware county, but that only an order has been entered.

It is manifest that the decision handed down by this court, and the order entered in pursuance thereof, do not comply with the requirements of section 545. It is also manifest that the omission to comply with the provisions of that section occurred through inadvertence and not by design. That this court did not intend to discharge the defendant or exonerate his bail becomes obvious when we consider the grounds upon which the judgment and order were reversed. It is clear from the papers that the omission in this case was of a direction ordering a new trial in the court below, and such was the fact. Under these circumstances, it is clearly the duty of this court to amend the order in this case, so as to carry into effect the actual intention of the court, if it has jurisdiction and power to make such an order at this time.

The defendant contends that this court has no such power. His precise contention is that the court having announced its decision, although upon its face it disclosed that it was imperfect in failing to comply with the requirements of the statute, the power of the court is spent, and it cannot amend the order so as to make it conform to the decision intended. We think this contention cannot be sustained. A bare inspection of the memorandum handed down by the court showed that it was imperfect and incomplete ; yet the defendant, who must have discovered that fact, saw fit to procure an order to be entered and certified, without in any way calling attention to the omission, or seeking to have the decision amended or to discover whether the court intended to discharge the defendant, or to grant him a new trial. Upon these facts, and with all the orders and papers before us, we think we have power and authority to amend this order so as to make it conform to the decision intended to be made. (*Altman* v. *Hofeller*, 137 N. Y. 619, 620 ; *The People* v. *Phelps*, 44 N. Y. St. Repr. 737 ; affd., Id. 910.)

We find nothing in section 549 of the Code of Criminal Procedure that prohibits this court from granting the order sought. We are of the opinion that the intention of that section was not to prohibit an appellate court from so amending its order or decision as to make it conform to the decision intended, but that it applies only to a case where the decision of the court has been fully perfected in accordance with its intentions.

Moreover, no judgment has been entered or remitted as required by section 547. While in some of the affidavits read upon this motion the affiants are made to say that a judgment was entered, still, in each case, they refer to a paper annexed as a copy thereof. When the paper to which they refer is examined, it is found that it is not a judgment, but only an order, upon which a judgment might have been entered. By an examination of section 532 of the Code of Criminal Procedure it will be seen that, upon an appeal being taken, it is the duty of the clerk with whom the notice is filed to transmit a copy of the notice of appeal and of the judgment roll to the clerk of the county where the next General Term is to be held. Section 547 declares that after " the judgment of the appellate court is given it must be entered in the judgment book," and when so entered, " a certified copy of the entry " shall be remitted to the clerk " with

whom the original judgment roll is filed," while section 548 provides that " The decision of the court and the return shall be remitted to the court below in the same' form and manner as in civil actions." Thus the practice is clearly pointed out by the statute, and requires, among other things, that a judgment shall be entered in the judgment book in the county where the court is in session when the decision is made, and that it shall be certified to the county where the original judgment roll is filed. Until this is done a case must be regarded as still in the appellate court, and it must have sufficient jurisdiction to make an order granted by it conform to its intended decision.

Thus we are led to the conclusion that this court has jurisdiction and authority to amend the order in this case, and that it should be amended so as to conform to the intended decision of the appeal herein.

The order should be amended in accordance with the foregoing opinion.

Present — HARDIN, P. J., MARTIN and MERWIN, JJ.

Motion granted and order and papers filed with the clerk of Onondaga county.