■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES BROWN, Appellant.— Judgment of conviction unanimously reversed on the law and on the facts and new trial ordered. The crimes for which defendant-appellant has been convicted were committed January 4, 1960. He was arrested the same day. Three days later, January 7, having been committed by a Magistrate to Bellevue Hospital for psychiatric examination his condition was diagnosed as acute psychotic depression with schizophrenic features. Accordingly he was sent to Matteawan State Hospital on March 7, 1960, where he remained a little more than five months. On two occasions between his discharge from the State hospital and the actual commencement of the trial over a year later, September 26, 1961, different Judges of the Bronx County Court adjourned the trial because they were of opinion that defendant was legally incapable of standing trial. Medical witnesses called by defendant testified they could not say with certainty that defendant was psychotic at the time of the crime three days before he was examined medically; but there were indications in their testimony that the mental disease from which defendant was suffering could take weeks or months to develop and there are notations in the State hospital records which suggest the existence of some mental disorder a considerable time before the crime. In his instructions to the jury the Judge stated that there was "no medical testimony at all   *   *   *   to show what his mental status was on the day of the crime." Since the acts constituting the crime were not themselves contested, this in effect removed from the jury's consideration of the only real point in issue on the trial, the inferences from the diagnoses immediately following hospitalization on January 6, and from the extensive hospital records and the medical testimony, which ought to have been left open to the jury's resolution. The court also instructed the jury that when a defense of insanity is offered it was for the jury to determine whether "the insanity of the defendant is sufficiently proven" then the burden "shifts to the People to prove that defendant was legally sane". To this was added, late in the charge "whoever denies" the presumption of sanity or "interposes a defense based upon its untruth, must prove it." The rule is, not that the defendant must prove his

insanity, but that he must overcome the legal presumption of his sanity. When he has given evidence "tending to show he was insane, then that presumption is rebutted" (*People* v. *Egnor,* 175 N. Y. 419; see, also, *O'Connell* v. *People,* 87 N. Y. 377). In *People* v. *Kelly* (302 N. Y. 512, 515) it was held that when "the defense of insanity is raised" the People "must establish on the whole case beyond a reasonable doubt *both* that defendant knew the nature and quality of his act *and* that he knew the act was wrong". On this record the diagnosis of insanity within three days after the crime; the commitment of defendant thereafter to a mental hospital for treatment; the observations and diagnoses indicated in the hospital records; and the judicial reservations over a long period while he was waiting trial about his ability to defend himself were fully sufficient to rebut the presumption of sanity; and the burden of the People to establish defendant's sanity should have been made explicit and unequivocal to the jury. We do not hold that the jury could not say in this case, on a proper charge and on a fair development of the issue of sanity, that the defendant was sane and was responsible for the crime. We hold merely that the vital issue in the case was not adequately submitted. On the new trial there will be opportunity more closely to examine and evaluate the State hospital record as well as that in Bellevue. Concur — Botein, P. J., Breitel, McNally, Stevens and Bergan, JJ.